IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARLYN J. EASTMAN, ) | |
| Personal Representative of the Estate of ) | |
| LINO LOWELL SPOTTED ELK, JR. ) | |
| ) | |
| Plaintiff, ) | 7:07CV5004 |
| ) | |
| v. ) | ORDER |
| ) | and |
| COUNTY OF SHERIDAN, ) | REPORT AND RECOMMENDATION |
| LEVI MCKILLET and DOES 1-5, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the defendants' Rule 12 Motion to Strike, Make More Definite and Certain, or Dismiss (Filing No. 20). The defendants filed a brief (Filing No. 21) in support of their motion. The plaintiff filed a brief (Filing No. 35) in response to the defendants' motion.

## BACKGROUND

On July 19, 2005, Lino Lowell Spotted Elk (Spotted Elk) was arrested on an outstanding warrant and taken to the Sheridan County Jail in Rushville, Nebraska. **See** Filing No. 17 - Amended Complaint ¶ 3. Approximately one hour after his arrest, Spotted Elk was found dead, hanging from his own belt in his jail cell. *Id.* ¶ 7. The plaintiff alleges the defendants are liable, pursuant to 42 U.S.C. § 1983, for Spotted Elk's death because the circumstances triggered a civil and constitutional duty for the defendants to protect Spotted Elk. Specifically, the plaintiff alleges Spotted Elk "exhibited objective signs of clinically-diagnosable and treatable mental illness and suicidality . . . talked of suicide and was intoxicated." *Id.* ¶ 5. Further, the plaintiff alleges "[o]ther inmates heard noise and struggling in Spotted Elk's cell and called for help, but were ignored." *Id.* ¶ 7.

Based on these facts, the plaintiff asserts claims against Sheridan County, Correctional Officer/Jailer Levi McKillet, in his individual and official capacities, and Does 1-5, who were correctional officers, jailers or law enforcement officers employed by Sheridan County. In particular, the plaintiff alleges all of the defendants deprived Spotted

Elk of "his constitutional liberty interest in due process, equal protection and bodily integrity and in freedom from excessive punishment and indifference to his medical needs." *Id.* ¶ 12 - First Cause of Action. The plaintiff also alleges Sheridan County is liable under 42 U.S.C. § 1983 for having a policy or custom of ignoring reports and failing to properly train its employees (Second Cause of Action), and for negligent retention and supervision (Third Cause of Action). *Id.* ¶¶ 14-24. The plaintiff seeks punitive damages against all defendants. *Id.* ¶¶ 26-28. In addition, the plaintiff generally listed other damages including, "other and further relief as this Court deems equitable and proper." *Id.* ¶ 32(F).

The plaintiff, a resident of Rosebud, South Dakota, filed the instant action on February 9, 2007. **See** Filing No. 1. The defendants filed a motion to dismiss. **See** Filing No. 10. In response, the plaintiff sought, and was granted, leave to amend the complaint. **See** Filing Nos 15-17. Thereafter, the defendants filed the instant motion pursuant to Federal Rule of Civil Procedure 12 seeking an order striking or dismissing portions of the amended complaint. **See** Filing No. 20. In the alternative, the defendants seek an order requiring the plaintiff to provide a more definite statement with regard to certain allegations in the amended complaint. *Id.* Each of the defendants' arguments will be addressed below.

## ANALYSIS

### A.   Subject Matter Jurisdiction

The defendants contend the reference to jurisdiction pursuant to 28 U.S.C. § 1333, in paragraph 2 of the complaint should be stricken or dismissed. Alternatively, the defendants argue no diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Specifically, the defendants assert the plaintiff has failed to properly allege diversity jurisdiction in the amended complaint because the document contains no reference to Spotted Elk's citizenship.

The plaintiff concedes reference to § 1333 was a typographical error, meant to be § 1332. **See** Filing No. 35, p. 3. The plaintiff argues diversity jurisdiction exists, to the extent federal question jurisdiction is lacking, because the plaintiff is a citizen of a different state than the defendants and the value of the claim exceeds $75,000. *Id.* The plaintiff

asserts Spotted Elk's citizenship is an issue which may be subject to discovery if the defendants are concerned his citizenship may have been Nebraska. *Id.*

28 U.S.C. § 1332(c)(2) provides: "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." "When jurisdictional allegations are challenged, the plaintiff bears the burden of establishing diversity jurisdiction by a preponderance of the evidence." **Blakemore v. Missouri Pac. R. Co.**, 789 F.2d 616, 618 (8th Cir. 1986); **see Kopp v. Kopp**, 280 F.3d 883, 884-85 (8th Cir. 2002). Here, the plaintiff fails to allege any facts to sustain the burden of proving the decedent and the defendants are citizens of different States. Accordingly, the court should grant the defendants' motion to strike or dismiss the admittedly wrong jurisdictional allegation (§ 1333) and any allegation of diversity jurisdiction (§ 1332).

### B.     42 U.S.C. § 1983 Claims

The defendants contend the plaintiff fails to state a claim for relief pursuant to § 1983 because (1) the complaint does not allege the defendants failed to meet the appropriate standard of care, and (2) the claims against Sheridan County rest on the impermissible ground of *respondeat superior*.

In reviewing a complaint on a Rule 12(b)(6) motion, the Court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff. **See**, **e.g.**, **Brotherhood of Maint. of Way Employees v. BNSF R.R.**, 270 F.3d 637, 638 (8th Cir. 2001). A dismissal is not lightly granted. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." **Young v. City of St. Charles**, 244 F.3d 623, 627 (8th Cir. 2001). When accepting the facts of the complaint as true, a court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." **Westcott v. City of Omaha**, 901 F.2d 1486, 1488 (8th Cir. 1990) (**citing Morgan v. Church's Fried Chicken**, 829 F.2d 10, 12 (6th Cir. 1987)). A dismissal under Rule 12(b)(6) is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," **Schmedding v. Tnemec Co.**, 187

3

F.3d 862, 864 (8th Cir. 1999), such as a missing allegation about an element necessary to obtain relief or an affirmative defense or other bar, **Doe v. Hartz**, 134 F.3d 1339, 1341 (8th Cir. 1998).  The court does not determine whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of her claim.  **Doe v. Norwest Bank**, 909 F. Supp. 668, 670 (D. Minn. 1995).

### 1. Standard of Care

The defendants argue the plaintiff's claims for medical care should be dismissed because the plaintiff fails to allege the defendants' deviated from the correct standard of care.  The plaintiff's complaint alleges, "[t]he need for medical care for [the decedent] was so obvious that a trained jail person would or should recognize it."  **See** Filing No. 17 ¶ 6.  Additionally, the complaint alleges, Spotted Elk "exhibited objective signs of clinically-diagnosable and treatable mental illness and suicidality."  **Id.** ¶ 5.  These allegations taken together, according to the defendants, do not state a claim under 42 U.S.C. § 1983.  The defendants contend the appropriate standard of care is a medical need "that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  **See** Filing No. 21 p. 3 (**citing Blackmore v. Kalamazoo County**, 390 F.3d 890, 897 (6th Cir. 2004) and **Aswegan v. Henry**, 49 F.3d 461, 464 (8th Cir. 1995)).

While the plaintiff's complaint may rely on the terminology "so obvious that a trained jail person would or should recognize" the need for medical care, the complaint also states the decedent "talked of suicide and was intoxicated to the point at which his reasoning and coping skills were impaired."  **See** Filing No. 17 ¶ 5.  Further, the plaintiff alleges "[o]ther inmates heard noise and struggling in Spotted Elk's cell and called for help, but were ignored."  **Id.** ¶ 7.  Based on these allegations and the allegations contained in the complaint as a whole, the defendants' motion arguing the plaintiff failed to state a claim upon which relief can be granted must be denied.  The defendants cannot show it appears beyond a reasonable doubt the plaintiff can prove no set of facts in support of a claim for relief under 42 U.S.C. § 1983.

### 2. *Respondeat Superior*

Sheridan County may be liable under § 1983 only if the plaintiff establishes the decedent was deprived of a right "secured by the Constitution and laws" of the United States, and (2) the deprivation was caused by a person or persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). In addition, to impose liability under § 1983 on a local government, the plaintiff is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). This is because a local government cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior. **See *Andrews v. Fowler***, 98 F.3d 1069, 1074 (8th Cir. 1996) (**citing *Monell v. Dep't of Social Servs. of New York***, 436 U.S. 658, 694 (1978)).

The defendants argue the plaintiff cannot rely on a respondeat superior theory to extend liability to Sheridan County. Additionally, the defendants contend the plaintiff fails to allege specific acts by the defendants or differentiate between acts or omissions in the actor's individual or official capacity. However, the plaintiff does allege deprivation of the decedent's rights due to acts or omissions by persons acting under color of law (First Cause of Action) and based on policies or customs of Sheridan County (Second Cause of Action). Further, the plaintiff alleges specific acts by McKillet which may support claims against Sheridan County without regard to liability based upon the theory of respondeat superior. Finally, the plaintiff does not separately allege a claim based on respondeat superior or explicitly rely on such theory for liability. For these reasons, the portion of the defendants' motion seeking to dismiss any of the plaintiff's claims resting on a theory of respondeat superior should be denied.

### 3. **Eighth Amendment**

The defendants contend the plaintiff's claims based on excessive punishment or the Eighth Amendment should be dismissed or caused to be made more definite to explain the relevance of the Eighth Amendment. The plaintiff concedes the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment governs claims of cruel and

unusual punishment of a pretrial detainee.  **See** Filing No. 35 p. 8 (**citing** *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007)).  The plaintiff's complaint does not mention the Eighth Amendment and given the plaintiff's concession, no such claim was intended.  Accordingly, the defendants' motion to dismiss or make more definite, with regard to an Eighth Amendment claim should be denied.

### C.   Equal Protection and Bodily Integrity

The defendants contend the plaintiff's claims based on equal protection and bodily integrity should be made more definite.  Specifically, the complaint alleges the decedent "had a right under the Constitution of the United States to be free from excessive punishment, from all punishment (given that he was a pretrial detainee), and from indifference to his medical needs, as well as a right to due process and equal protection, by employees of governmental entities."  **See** Filing No. 17 ¶ 9. Additionally, the plaintiff's complaint alleges the decedent "was deprived of his constitutional liberty interest in due process, equal protection and bodily integrity and in freedom from excessive punishment and indifference to his medical needs."  *Id.* ¶ 12.

Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

Rule 12(e) motions "are designed to strike at unintelligibility in a pleading rather than want of detail."  *Geir v. Educational Unit No. 16*, 144 F.R.D. 680, 685 (D. Neb. 1992). "Motions for a more definite statement under Fed. R. Civ. P. 12(e) are generally disfavored. Where information sought by the party moving for a more definite statement is available or properly sought through discovery, the motion should be denied."  *Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F. Supp. 1019, 1022 (D. Neb. 1991) (internal citations omitted). The motion for more definite statement should be granted "when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'"  *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33

6

(D. N.J. 2003) (**quoting** 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1376 (1990)).  Courts have found that "where the allegations of a complaint are not sufficiently specific to enable a defendant to determine the propriety of interposing in his answer a waivable defense, or where, in the absence of certain information peculiarly within the knowledge of the plaintiff, the defendant cannot, in good faith, answer the complaint with a general denial."  *Id.* at 233 (internal citation omitted).  Courts have held, where the complaint meets the Rule 8 requirements and gives fair notice to the opposing party in order that it may fashion a responsive pleading, a motion for a more definite statement will be denied.  **Young v. Warner-Jenkinson Co., Inc.**, 170 F.R.D. 164, 166 (E.D. Mo. 1996); **see *Dillon v. Brown County, NE***, No. 8:02CV108, 2003 WL 820570, *4 (D. Neb. Mar. 3, 2003).

Generally, the discovery process, rather than a motion for more definite statement, "provides a more satisfactory method of narrowing the issues."  **Zamora v. Massey Ferguson, Inc.**, 336 F. Supp. 588, 592 (S.D. Iowa 1972); **see *Tinder v. Lewis County Nursing Home Dist.***, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001) (Rule 12(e) "not to be used as a substitute for discovery in trial preparation.").  "[U]nder the framework of the rules, plaintiff is not required either to disclose the facts underlying his claim or to limit the issues he wishes to raise until after he has had an opportunity to engage in discovery."  5A FEDERAL PRACTICE & PROCEDURE § 1376.

> The rules of good pleading are as important in a suit for a declaratory judgment as in any other civil action, but pleading is simple under the Civil Rules and technicalities are not allowed to prevail over substantive rights.  All that is required is a simple statement of a claim on which relief can be granted showing that the court has jurisdiction and that an actual justiciable controversy is involved.  A bare allegation that there is a controversy is not enough.  The circumstances that have given rise to it should be shown and the interest of the parties made clear.

10B FEDERAL PRACTICE & PROCEDURE § 2768 (footnotes omitted).  The granting or denial of a Rule 12(e) motion is within the sound discretion of the trial court.  **See *Clark***, 213 F.R.D. at 232; **Remick Music Corp. v. Interstate Hotel Co.**, 2 F.R.D. 510, 512 (D. Neb. 1942).

7

The plaintiff makes no arguments in support of any claim based on the Fourteenth Amendment's Equal Protection Clause. It is unclear based on the language in the complaint whether the plaintiff intended a claim based on the Equal Protection Clause. Under these circumstances, the plaintiff's complaint is vague and ambiguous with regard to such a claim. Accordingly, the plaintiff shall provide additional information with regard to any claim based on the Equal Protection Clause. Specifically, the plaintiff shall either file notice of the intent not to pursue an Equal Protection Clause claim at this time, or a second amended complaint containing more certain and definite statements with regard to such claim.

The plaintiff argues the allegation including the terminology "bodily integrity" may be explained during discovery, rather than in the complaint. The court disagrees. It is unclear what the plaintiff intended by the allegation. Typically, "[t]he right has been employed to protect against nonconsensual intrusion into one's body, and has been seen to permit the right of a competent person to refuse unwanted medical treatment." **Rogers v. City of Little Rock, Ark.**, 152 F.3d 790, 795 (8th Cir. 1998). Further, the plaintiff alleges no assault by either another detainee or Sheridan County official. **See Kahle**, 477 F.3d at 553-54 (noting a detainee has a constitutional right to be secure in his/her bodily integrity and free from attack). Accordingly, based on the other allegations in the complaint taken as a whole, the plaintiff's complaint is vague and ambiguous with regard to a claim of intrusion into the decedent's bodily integrity. It may be the plaintiff is alleging the decedent's own conduct constituted an assault or that some other person violated the decedent's bodily integrity for which the defendants should be liable. Therefore, the plaintiff shall provide additional information with regard to any claim based on a constitutional right to be secure in bodily integrity in the form of a second amended complaint.

### D.     Punitive Damages

The defendants contend Sheridan County, and its officers or deputies in their official capacities, are immune from punitive damage liability. **See** Filing No. 20 p. 3. The plaintiff concedes Sheridan County is immune from punitive damage liability. **See** Filing No. 35 p. 9. However, the plaintiff argues the prayer for punitive damages, as a whole, should not

be stricken because it applies to the remaining defendants. As the defendants' motion to strike the plaintiff's prayer for punitive damages only seeks to strike the prayer against Sheridan County and its officers or deputies in their official capacities, the motion is granted.

**E.    Equitable Relief**

The defendants seek an order requiring the plaintiff to make the prayer for equitable relief more definite and certain. **See** Filing No. 20 p. 3. The plaintiff's prayer for equitable relief is listed generally with the other damages concluding with a prayer for "other and further relief as this Court deems equitable and proper." *Id.* ¶ 32(F). The court finds the defendants have been put on fair notice, adequate under the notice-pleading requirements, of the plaintiff's claim for equitable relief. The defendants fail to show the detail sought in the prayer is not available or properly sought through discovery. Accordingly, the defendants' motion for an order requiring the plaintiff to make the prayer for equitable relief more definite and certain is denied.

**IT IS ORDERED and/or RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The defendants' Rule 12 Motion to Strike, Make More Definite and Certain, or Dismiss (Filing No. 20) be granted, in part, and denied, in part:

1.    The defendants' motion to strike or dismiss should be granted with regard to (a) subject matter jurisdiction alleged pursuant to 28 U.S.C. §§ 1332 and 1333; and (b) punitive damages as against Sheridan County and its officers or deputies in their official capacities. In all other respects, the defendants' motion to strike or dismiss is denied.

2.    The defendants' motion to make more definite and certain is granted with regard to any claim alleged pursuant to the Fourteenth Amendment's Equal Protection Clause and any claim based on a constitutional right to be secure in bodily integrity.

3.    The defendants' motion to make more definite and certain is denied with regard to the plaintiff's prayer for equitable relief.

4. The plaintiff shall have ten business days from the date of Judge Bataillon's order finally resolving the issues raised in this Order and Report and Recommendation to file the Second Amended Complaint, in accordance with such ruling.

## ADMONITION

Pursuant to NECivR 72.2 and 72.3 any appeal of this Order or objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order and Report and Recommendation. Failure to timely appeal or object may constitute a waiver of any appeal or objection. The brief in support of any appeal or objection shall be filed at the time of filing such appeal or objection. Failure to file a brief in support of any appeal or objection may be deemed an abandonment of the appeal or objection.

DATED this 21st day of June, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge