IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARLYN J. EASTMAN, Personal Representative of the Estate of the Deceased, and LINO LOWELL SPOTTED ELK JR., Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIDAN, COUNTY OF, a Nebraska Political Subdivision, LEVI MCKILLET, in His Individual and Official Capacity, and DOES 1-5, in Their Individual and Official Capacities,<br><br>Defendants. | 7:07CV5004<br><br>ORDER |

  This matter is before the court on defendants' motion in limine and index of evidence.  Filing No. 125 and Filing No. 127.  The plaintiff has responded objecting to the motion.  Filing No. 129 and Filing No. 130.

  Defendants first ask this court to prohibit plaintiff from referencing any suicide attempts or suicides that occurred in Sheridan County jail as such incidents are irrelevant and of no probative value.  The court cannot rule on such motion at this time.  Prior to the start of trial, the court will consider any pretrial matters not already resolved.  The parties may argue this motion at that time.

  Defendants next ask this court to prohibit the plaintiff from showing the jury any post-mortem photographs of the body of the deceased.  Defendants argue such pictures are inflammatory and add no probative value.  Again, the court will not rule on this motion at this time.  The defendants can produce the pictures to the court prior to trial, and the court will make its ruling at that time.

  Third, the defendants ask this court to prohibit plaintiff's counsel from inappropriate courtroom behavior and verbal or physical contact with any juror, including going into the jury room.  Defendants attach as Exhibit "A" a newspaper article from seven years ago

where plaintiff's counsel is interviewed and claims to behave in certain ways during a trial. Filing No. 125, Ex. A. Plaintiff's counsel responds noting that this exact argument and motion were filed in front of Judge Warren Urbom some years ago, and he denied the motion. Filing No. 130. This court agrees. The court will assume that plaintiff's counsel will follow all court rules and appropriate court etiquette, unless given cause to believe otherwise.

Defendants next ask this court to prohibit plaintiff from talking about the town of White Clay, Nebraska, and the related political issues regarding the sale of beer and alcohol to Native Americans in White Clay and surrounding towns, including laws passed during the Nebraska 2010 Legislative session. Again, the court has no context for making a decision on this issue and will allow counsel to raise it prior to trial.

Finally, defendants ask this court to prohibit plaintiff from using the courtroom and the trial as a political arena to create a cultural clash between the Native American culture and the white ranching and farm culture. Again, the court has no basis for making such a ruling in advance of the trial testimony and evidence. However, the court will only allow such evidence as is relevant to the facts in this case. If defense counsel believes evidence is irrelevant, counsel may so object at trial.

THEREFORE, IT IS ORDERED that defendants' motion in limine, Filing No. 125, is denied in part at this time, but such motion will be reconsidered during the pretrial meeting with counsel prior to trial as set forth herein.

DATED this 19th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.